# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| RESONANT SYSTEMS, INC. d/b/a RevelHMI,<br><br>        Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>        Defendant. | Case No. 7:25-cv-00035-DC-DTG |

**PLAINTIFF RESONANT'S OPPOSITION TO META'S
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  LEGAL STANDARD .................................................................................................... 1

III. ARGUMENT ................................................................................................................. 2

    A.  Resonant Would Be Substantially Prejudiced by Delaying This Case Until the IPRs Are Resolved ................................................................................................... 2

    B.  The Stage of the Litigation Is Insufficient to Support a Stay ....................... 4

    C.  Simplification of the Issues that May Result from a Stay Is Speculative ..................... 4

IV.  CONCLUSION .............................................................................................................. 8

TABLE OF AUTHORITIES

**Cases**

*AC Techs. S.A. v. Amazon.com, Inc.*,
  912 F.3d 1358 (Fed. Cir. 2019) ............................................................................................... 7

*Comair Rotron, Inc. v. Nippon Densan Corp.*,
  49 F.3d 1535 (Fed. Cir. 1995) ................................................................................................. 7

*Datanet LLC v. Dropbox Inc.*,
  No. 6:22-CV-01142-OLG-DTG, 2023 WL 9005604 (W.D. Tex. Dec. 28, 2023) ............. 1, 2, 5

*Ingenico Inc. v. IOENGINE, LLC*,
  No. 2023-1367, 2025 WL 1318188 (Fed. Cir. May 7, 2025) ................................................... 6

*Kirsch Rsch. & Dev., LLC v. Epilay Inc.*,
  No. 2:20-cv-03773-RGK-RAO, 2021 WL 4704721 (C.D. Cal. Aug. 18, 2021) ....................... 4

*Lionra Techs. Ltd. v. Cisco Sys., Inc.*,
  No. 2:24-CV-00097-JRG, 2025 WL 1239317 (E.D. Tex. Apr. 29, 2025) ................................ 4

*mCom IP, LLC v. Cisco Sys., Inc.*,
  No. 6:22-CV-00261-ADA, 2022 WL 22891454 (W.D. Tex. Oct. 20, 2022) ............................ 1

*Realtime Data, LLC v. Rackspace US, Inc.*,
  No. 6:16-CV-00961, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) .......................................... 5

*Resonant Sys. Inc. v. Sony Grp. Corp.*,
  No. 2:22-CV-00424-JRG, Dkt. 84  (E.D. Tex. July 9, 2024) ........................................ *passim*

*Sable Networks, Inc. v. Splunk Inc.*,
  No. 5:21-CV-00040-RWS, Dkt. 77 (E.D. Tex. Nov. 1, 2021) ................................................. 3

*SAS Inst., Inc. v. Iancu*,
  138 S. Ct. 1348 (2018) ............................................................................................................ 7

*Sonrai Memory Ltd. v. Kingston Tech. Co., Inc.*,
   No. 6:21-CV-1284-ADA, 2022 WL 22891181 (W.D. Tex. Oct. 18, 2022) ......................... 3, 5

*USC IP P'ship, L.P. v. Facebook, Inc.*,
  No. 6-20-CV-00555-ADA, 2021 WL 6201200 (W.D. Tex. Aug. 5, 2021) .......................... 2, 5

**Statutes**

35 U.S.C. § 102 ............................................................................................................................ 6

35 U.S.C. § 103 ............................................................................................................................ 6

35 U.S.C. § 316(a)(11) ................................................................................................................. 3

**Rules**

37 C.F.R. § 42.108(a) ................................................................................................................... 6

37 C.F.R. § 42.122(b) ................................................................................................................... 5

I.   INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") has failed to meet its burden to show that a stay pending *inter partes* review (IPR) is warranted. The point of a stay pending IPR is to simplify the issues before the Court. But any simplification of the issues remains speculative, as there is no guarantee that the '337 patent claims will be invalidated in IPR. Moreover, Meta's motion is not even based on its own petition, but rather a petition filed by non-party Apple. Meta has not agreed to be bound by the full IPR estoppel in the event its motion for joinder, which was filed past the statutory deadline, is denied. The potential for simplification of the issues is far outweighed by the substantial prejudice to Resonant that would result from delaying enforcement of its patent rights.

Meta's motion to stay should be denied.

II.   LEGAL STANDARD

The party seeking a stay bears the burden of showing that a stay is appropriate. *Datanet LLC v. Dropbox Inc.*, No. 6:22-CV-01142-OLG-DTG, 2023 WL 9005604, at *1 (W.D. Tex. Dec. 28, 2023). In ruling on a motion to stay pending IPR, the court must "determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* A stay is "justified if 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *mCom IP, LLC v. Cisco Sys., Inc.*, No. 6:22-CV-00261-ADA, 2022 WL 22891454, at *1 (W.D. Tex. Oct. 20, 2022). However, "there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Id.*

Courts consider three factors when determining whether to grant a stay pending inter partes review of a patent: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is

complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Id.* As discussed below, on balance, the factors weigh against a stay.

### III. ARGUMENT

#### A. Resonant Would Be Substantially Prejudiced by Delaying This Case Until the IPRs Are Resolved

"The Federal Circuit has long held that 'recognition must be given to the strong public policy favoring expeditious resolution of litigation.'" *Datanet*, 2023 WL 9005604, at *2 (quoting *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989)). Accordingly, district courts have consistently recognized that stays pending IPR prejudice a patent holder's "interest in the timely enforcement of its patent rights, *even when the patent holder has only sought monetary relief*." *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at A*2 (W.D. Tex. Aug. 5, 2021) (emphasis added); *see also Datanet*, 2023 WL 9005604, at *2 (same); In addition, "[a] stay can prejudice the plaintiff due to the 'loss of evidence as witnesses become unavailable and memories fade.'" *mCom*, 2022 WL 22891454, at *2.

Accordingly, Meta's assertion that Resonant will not be prejudiced by a stay is contrary to precedent. Indeed, in denying Sony's motion to stay pending IPR in a Resonant case in the Eastern District of Texas, Case No. 2:22-CV-00424-JRG, which also involves the '337 patent asserted in this case, the court rejected similar arguments that Resonant cannot be prejudiced and found "this factor disfavors a stay." *Resonant Sys. Inc. v. Sony Grp. Corp.*, No. 2:22-CV-00424-JRG, Dkt. 84 at 5 (E.D. Tex. July 9, 2024) ("EDTX Order"). The court explained that "a plaintiff has a right to the timely enforcement of its patent rights, regardless of whether it seeks monetary damages or an injunction," and that delaying the litigation "would prejudice Plaintiff [Resonant]'s ability to vindicate its patent rights." *Id.* at 5.

2

This case is no different. Resonant will be substantially prejudiced by delaying resolution of this patent infringement dispute. The Apple IPR was instituted in October 2024 (IPR2024-00807, Paper 10), and thus a FWD is not expected until October 2025. This deadline could very well be extended by another six months to April 2026, especially given Meta's and Nintendo's requests for joinder. *See* 35 U.S.C. § 316(a)(11) ("the Director may, for good cause shown, extend the 1-year period by not more than 6 months, and may adjust the time periods in this paragraph in the case of joinder under section 315(c)"). A stay could thus result in a delay of nearly a year, not even accounting for appeals. *See Sable Networks, Inc. v. Splunk Inc.*, No. 5:21-CV-00040-RWS, Dkt. 77 at 3 (E.D. Tex. Nov. 1, 2021) (finding this factor weighed against a stay even though plaintiff was "not currently practicing the patents," as "a potential appeal could cause a lengthy delay that would significantly prejudice [plaintiff]").[1]

The court rejected Sony's argument that Resonant cannot be prejudiced simply because it does not practice the patents and is seeking monetary damages in the EDTX case, and this Court should reject it here too. The fact that Resonant does not compete with Meta may "slightly diminish" this prejudice, but this factor still weighs against transfer. *See mCom*, 2022 WL 22891454, at *2; *Sonrai Memory Ltd. v. Kingston Tech. Co., Inc.*, No. 6:21-CV-1284-ADA, 2022 WL 22891181, at *2 (W.D. Tex. Oct. 18, 2022).

Resonant's purported delay of *only 15 months* in filing this case does not negate this prejudice. Resonant is a small company, and its patented technology is being infringed by many other companies across various industries (e.g., Apple, Sony, Nintendo, Samsung). In addition, Resonant was focused on commercializing its patented technology up until 2020, when COVID-related disruptions made it impossible to continue as an operating company. Resonant then turned

---

[1] Meta's arguments about the stage of this litigation are irrelevant under this factor.

3

its focus to licensing/enforcement, diligently investigated its claims, and filed a patent infringement complaint as soon as practicable. Meta does not cite any case supporting that filing a complaint only 15 months after the initial release of the infringing product is unreasonable.

Meta also offers no explanation for why it waited nearly four months to file a motion to stay based on a third-party IPR that was instituted before this case was even filed.

The prejudice to Resonant that would result from indefinitely delaying resolution of this patent infringement dispute weighs against a stay.

### B. The Stage of the Litigation Is Insufficient to Support a Stay

While it is true that this case is in the early stages, this is insufficient to support a stay in light of the prejudice to Resonant and the fact that any potential for issue simplification is speculative. The parties recently filed their joint proposed scheduling order (Dkt. 25), and this case will likely be set for trial before the Court rules on Meta's motion to stay—which may not have been the case had Meta requested a stay sooner. It would be more efficient to let this case proceed as scheduled than to indefinitely delay. The Sony EDTX case proves this point, as the parties reached a settlement and voluntarily dismissed the case within months after the court denied Sony's motion to stay. *See* EDTX Case, Dkt. 165.

### C. Simplification of the Issues that May Result from a Stay Is Speculative

While "there is some possibility that resolution of the IPR could simplify the issues of this case, that is far from a certainty. It is unknown whether the PTAB will find all or even some of the asserted claims unpatentable. The only scenario in which the IPR disposes of the entire case is if the PTAB invalidates all claims of the [asserted] Patent and the Federal Circuit affirms the PTAB's decision on appeal." *Lionra Techs. Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00097-JRG, 2025 WL 1239317, at *4 (E.D. Tex. Apr. 29, 2025); *Kirsch Rsch. & Dev., LLC v. Epilay Inc.*, No. 2:20-cv-03773-RGK-RAO, 2021 WL 4704721, at *3 (C.D. Cal. Aug. 18, 2021) (denying motion to stay

4

even after institution and finding it "inappropriate for the Court to speculate as to the outcome of the instituted IPRs"). The same reasoning applies here. Any simplification of the issues is speculative and does not support a stay.

If the claims survive IPR, this case will go to trial and the Court will still have to resolve claim construction, infringement, invalidity, damages, and other issues after the stay is lifted. *See USC*, 2021 WL 6201200, at *2 (finding that, even though IPR was instituted on all asserted claims, "a stay will likely not simplify the issues in this case" because "Facebook can still challenge in this Court the invalidity of the asserted claims on other grounds, especially those grounds that rely on system prior art, which could not be relied on during IPRs"). And because Meta is not a petitioner in the Apple IPR, any potential for issue simplification is reduced even further. There is no guarantee that Meta's joinder request will be granted, especially since it was filed out of time. *See* 37 CFR § 42.122(b); IPR2025-00823, Paper 3 at 2 (Meta's Motion for Joinder acknowledging that its motion was "filed more than one month after the Apple IPR was instituted"). Importantly, Meta has not agreed to be bound by IPR estoppel in the event its request is denied. *See Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2017 WL 772654, at *3 (E.D. Tex. Feb. 28, 2017) ("[W]here defendants do not agree to be bound by the full estoppel provisions of § 315, IPR 'may not actually simplify the issues at all.'").

But even if Meta's joinder request is granted, the issue of whether and to what extent estoppel applies will likely just be another source of litigation, which could make this case more complicated, not simpler. *See Datanet*, 2023 WL 9005604, at *5 (explaining "any purported judicial resources that might be saved due to estoppel from being spent on an invalidity analysis could very well be expended simply ruling on whether estoppel applies in the first place, because that is not always a simple question and has split district courts"); *Sonrai Memory Ltd. v. Texas*

5

*Instruments Inc.*, No. 6:21-CV-1066-ADA-DTG, 2022 WL 2782744, at *2 (W.D. Tex. May 18, 2022) ("In the Court's experience and because the IPR proceedings add to the intrinsic record of a patent, IPR proceedings do not simplify issues in district court cases.").

Moreover, the Federal Circuit just issued a decision showing the extraordinarily limited potential for issue simplification as a result of IPR estoppel. *Ingenico Inc. v. IOENGINE, LLC*, No. 2023-1367, 2025 WL 1318188 (Fed. Cir. May 7, 2025). That decision holds that "IPR estoppel applies only to a petitioner's assertions in district court that the claimed invention is invalid under 35 U.S.C. §§ 102 or 103 because it was *patented or described in a printed publication* (or would have been obvious only on the basis of prior art patents or printed publications)." *Id.* at *7 (emphasis added). The *Ingenico* panel explicitly stated that "*IPR estoppel does not preclude a petitioner from relying on the **same patents and printed publications** [that were asserted in the IPR] as evidence in asserting a ground that could not be raised during the IPR, such as that the claimed invention was known or used by others, on sale, or in public use*." *Id.*

In other words, according to the *Ingenico* panel's narrow articulation of IPR estoppel, a defendant purportedly "estopped" by an adverse final written decision could use **the exact same art** (and even the exact same *combinations* of art) raised in the IPR before the district court, so long as the defendant used that art to argue that the "claimed invention was known … by others." *See id.* As a result, any potential for issue simplification resulting from IPR estoppel is negligible.

Contrary to Meta's assertions, the fact that Apple's IPR was instituted on multiple grounds does not make invalidation more likely. As expressly noted in the institution decision, the Board is *required by law* to "address all grounds of unpatentability raised by the petitioner" upon institution. IPR2024-00807, Paper 10 at 47–48 (citing 37 C.F.R. § 42.108(a); *SAS Inst., Inc. v.*

6

*Iancu*, 138 S. Ct. 1348, 1359–60 (2018); *AC Techs. S.A. v. Amazon.com, Inc.*, 912 F.3d 1358, 1364 (Fed. Cir. 2019)).

Meta's heavy reliance on the PTAB's unpatentability findings for the '830 patent is also misplaced. "[S]eparate patents describe separate and distinct inventions, and it can not be presumed that related patents rise and fall together." *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1539 (Fed. Cir. 1995) (cleaned up). The mere fact that the claims share common language is no guarantee that Apple's petition will be successful. Indeed, the PTAB's FWD regarding the '830 patent claims relied on prior art that is not even asserted in Apple's IPR. The PTAB found claims 1 and 15–17 of the '830 patent based on Fukumoto, Saiki, and Masahiko (IPR2023-00993, Paper 48 at 67, 69), whereas Apple's petition relies on Wakuda, Ramsay, Rossi, Aldrich, Gregorio, and Tierling (IPR2024-00807, Paper 2 at 1). Thus, the PTAB's FWD on the '830 claims says *nothing* about the purported likelihood of the '337 claims being invalidated. The court rejected similar arguments by Sony in the EDTX case, and should reject them here too. EDTX Order at 4 ("Defendants' attempt to rely on non-party Samsung's IPRs is misguided. The fact that the claims of the '337 patent and the '081 patent may share some common language does not guarantee that the PTAB will institute IPR on the '337 patent. Moreover, Samsung challenges the '081 patent using different grounds than Sony's challenge to the '337 patent. That fact further diminishes the impact of the Samsung IPR as to the likelihood of institution for the remaining '337 patent."). In addition, Resonant has appealed the '830 FWD to the Federal Circuit. IPR2023-00993, Paper No. 50 (Patent Owner's Notice of Appeal).

Meta's reliance on Apple's district court action (Mot. at 10) should be rejected, as the '337 patent is no longer asserted by Resonant in that case. And there is no authority supporting a stay

7

pending another district court litigation involving different parties and different products, in any event.

Finally, Meta's assertion that Resonant's EDTX case against Nintendo would also be simplified by a stay (Mot. at 10) is nonsensical. Whether the Nintendo action will be simplified by a stay is also speculative, and in any event completely irrelevant to the issue of whether the issues *in this case* will be simplified.

This factor also weighs against a stay.

## IV.   CONCLUSION

For the foregoing reasons, Meta's motion to stay should be denied.

Dated:  May 21, 2025                                Respectfully submitted,

/s/ *Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Paul A. Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Kristopher Davis (CA SBN 329627)
kdavis@raklaw.com
Jacob R. Buczko (CA SBN 269408)
jbuczko@raklaw.com
Minna Y. Jay (CA SBN 305941)
mjay@raklaw.com
Qi Tong (CA SBN 330347)
ptong@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

**Attorneys for Plaintiff Resonant Systems, Inc. d/b/a RevelHMI**

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 21, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Western District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

                                                       /s/ *Reza Mirzaie*
                                                       Reza Mirzaie